# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                               **Criminal Action No. 2:13CR8**

**KYLE LEE HEFT,**
        **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11.  Defendant, Kyle Lee Heft, in person and by counsel, Brian J. Kornbrath, appeared before me on May 29, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.  The Court then determined that Defendant intended to plead guilty to the one-count Indictment, and that there was no plea agreement between the defendant and the government.  The undersigned then reviewed the Indictment with Defendant including the elements the United States would have to prove regarding the charge against him of failure to update sex offender registration, in violation of Title 18, United States Code, Section 2250(a).

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge against him contained in the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing.  From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty to that charge was  a term of imprisonment of not more than ten (10) years; a fine of

$250,000.00, or both fine and imprisonment; a term of not less than five years nor more than lifetime of supervised release; and a mandatory assessment of $100.00. He also understood his sentence could be increased within the statutory maximum sentence if he had certain prior criminal offenses.

The Court thereafter inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Kyle Lee Heft, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory.

The Court then inquired of Defendant regarding his understanding of his rights of appeal as follows:

Ct: Did you and Mr. Kornbrath discuss that you have the right to appeal any sentence and your conviction to the Fourth Circuit Court of Appeals within 14 days of the District Judge's oral pronouncement of that sentence?

Def: Yes.

Ct: Did you and Mr. Kornbrath discuss that you may file a motion under 28 USC section 2255 collaterally attacking how the sentence is being carried out?

Def: Yes.

Ct: Actually the sentence itself and the way it is being carried out?

Def: Yes.

The Court then inquired and determined Defendant understood that neither he nor his counsel could be absolutely certain what his term of imprisonment would be, except that it would be within the statutory maximum. Defendant further understood that even if the District Judge sentenced him to a sentence higher than he expected within the statutory maximum sentence he would not be permitted to withdraw his guilty plea.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant Kyle Lee Heft, with the consent of his counsel Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one count Indictment.

The Court heard the testimony of John Hare, who is employed by the United States Marshals as the Northern District of West Virginia Sex Offender Investigation Coordinator ("SOIC"). As such

he is familiar with the Sex Offender Registration and Notification Act. He recognized and identified Defendant in open court. His investigation showed that Defendant had a 1993 conviction in New Jersey for sexual assault for which he was adjudicated delinquent and sentenced to three years probation. He is required to register as a se offender under the Act. The West Virginia State Police contacted SOIC Hare in mid-November 2012. They had received a report that Defendant was no longer living at his registered residence. They interviewed an individual who was renting the home and the landlord, who told them Defendant had moved out September 1, 2012. The landlord believed Defendant may have left the state. Investigation further showed that Defendant had been living at the registered address in mid-July; however, he was located in Pennsylvania on November 29, 2012. Defendant had failed to update his registration when moving to Pennsylvania. By West Virginia law, he was required to notify authorities prior to leaving the state. He failed to do so. He also failed to register in Pennsylvania.

The defendant stated he heard, understood, and agreed with SOIC Hare's testimony. The undersigned finds the offense charged in the one-count Indictment is supported by an independent basis in fact concerning each of the essential elements of the offense. This conclusion is supported by the testimony of SOIC Hare.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charge against him; Defendant understood the consequences of his plea of guilty to the one-count Indictment; Defendant made a knowing and voluntary plea of guilty to the one-count Indictment; and Defendant's plea is independently supported by the testimony of SOIC Hare, which

provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled Guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the one-count Indictment and recommends he be adjudged guilty on said charge and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: May 30, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE